FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 18, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:25-CR-00116-MKD-1 |
|---|---|
| Plaintiff, | ORDER FOLLOWING DETENTION REVIEW HEARING |
| v. | |
| HECTOR SAUL IRAHETA-MERCADO, | **MOTION DENIED** (ECF No. 21) |
| Defendant. | |

On July 28, 2025, the Court held a detention review hearing to consider Defendant HECTOR SAUL IRAHETA-MERCADO's Motion to Reconsider Detention, **ECF No. 21**. Defendant appeared in custody assisted by federally certified Spanish interpreter Bea Rump and represented by Assistant Federal Defender Justin Lonergan. Assistant U.S. Attorney Ann Wick represented the United States. U.S. Probation Officer Shawn Kennicutt was also present.

I.     **MOTION TO REOPEN DETENTION**

As an initial matter, the Court finds Defendant's Motion to Reconsider Detention, ECF No. 21, constitutes a sufficient basis to reopen the question of detention pursuant to 18 U.S.C. § 3142(f) and conduct another detention hearing.[1] The United States and U.S. Probation continue to oppose Defendant's release.

---

[1] In retrospect, the Court notes that functionally, the only new information presented by Defendant during the second detention hearing was an argument that

ORDER - 1

Defendant, through counsel, made factual proffers and argued in support of Defendant's release. Defendant contended that Defendant's arrest was emotionally charged due to the significant collateral consequences Defendant faces if he is removed from the United States. Defendant suggested his actions during his arrest were indicative of Defendant making poor choices in the moment and not indicative of how Defendant would behave in the future if Defendant were released. Defendant further contended that this case is similar to *United States v. Hatfield*, 2:25-CR-00113-RLP-3 wherein the Court released a different Defendant in a different case charged with violations of 18 U.S.C. § 372 (Conspiracy to Impede or Injure Officers) and 18 U.S.C. § 111(a)(1), (b) (Assault on a Federal Officer and Employee).

The United States made factual proffers and argued the facts of the case are unchanged since the prior hearing. The Government again asserted Defendant's actions to prevent his arrest by deportation officers were sustained and included Defendant repeatedly refusing to follow the arresting officers' orders, repeatedly rolling up his car window and pinning an agent's arm in the window, refusing to turn off his car, and further physically resisting arresting officers' efforts to place Defendant in handcuffs once Defendant was eventually removed from his car. The Government asserted Defendant remains a risk of nonappearance and a danger to the community and Defendant should remain detained because the same

---

the instant case is similar to *United States v. Hatfield*, 2:25-CR-00113-RLP-3. Detention determinations are inherently and properly based on an individualized assessment of each Defendant and each case. Rarely, if ever, will general comparisons between different cases with the same or similar charges constitute actual new information pursuant to 18 U.S.C. § 3142(f).

ORDER - 2

motivations that caused Defendant to resist arrest in this case remain present, *i.e.* Defendant's strong desire to remain in the United States.

At the conclusion of the hearing, the Court took the matter under advisement. The Court has fully considered the proffers and arguments of counsel; the file in this case; the Criminal Complaint, ECF No. 1; the Affidavit in Support of the Criminal Complaint, ECF No. 2; the United States' Motion for Detention, ECF No. 7; the Pretrial Services Report, ECF No. 6; the Supplemental Pretrial Services Report, ECF No. 17; Defendant's video exhibit, ECF No. 19; the Government's photo exhibit, ECF No. 20; Defendant's Motion to Reconsider Detention, ECF No. 21; Defendant's non-scannable exhibits, ECF No. 22; the Indictment, ECF No. 24; Defendant's submitted Spokane Police Department training bulletin regarding immigration enforcement situations, ECF No. 32; and the Order Following Detention Hearing and Granting the United States' Motion for Detention ("Detention Order"), ECF No. 33. The Court is fully informed.

## II.    PRIOR DETENTION HEARING

The Court previously held a detention hearing on July 10, 2025. ECF No. 33. In the Detention Order following prior detention hearing, the Court considered the arguments and proffers of the parties:

> ***Detention Hearing:*** The United States made factual proffers and argued for Defendant's detention. The Government asserted there are no conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. The Government proffered that a Removal Order in Absentia was issued against Defendant in 2008, indicating Defendant was involved in an immigration proceeding in the past but then knowingly disengaged with the immigration proceeding. The Government argued the circumstances of the Removal Order in Absentia suggest Defendant will not comply with court orders.

ORDER - 3

> The Government further proffered the facts underlying the charge as evidence Defendant would pose a danger to the community if released. The Government proffered that Deportation Officers with the Department of Homeland Security initiated a traffic stop of Defendant in which Defendant refused to comply or exit the vehicle. ECF No. 2 at 2. In response to Defendant's refusal to comply, an officer reached his arm through the open window of Defendant's vehicle at which point Defendant rolled up his window, trapping the officer's arm. *Id* at 3. The Government offered exhibits that depict the alleged injuries sustained by the officer in the instant offense. ECF No. 20.
>
> Defendant, through counsel, made factual proffers and argued there are conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. Defendant proffered his frequent and ongoing contact with the United States Government through the filing and payment of income taxes, possession of a valid Washington Driver's License, and participation in child custody proceedings. Defendant offered a video depicting Defendant's arrest and argued the video shows law enforcement, not Defendant, escalated the situation and Defendant was reacting to that escalation. Specifically, the video proffered by Defendant reflects that as an apparent result of Defendant's pinning the officer's arm in the window of his vehicle, the officers drew firearms and broke a window of Defendant's vehicle. Defendant argued he is not a danger to the community in general or law enforcement officers specifically. Defendant also noted the strong support he has from family members present in the courtroom.

ECF No. 33 at 1-2.

During the prior detention hearing, the Court also considered the detention factors set forth in 18 U.S.C. § 3142(g):

> **_The Court's Review and 18 U.S.C. § 3142 Factors:_** The Court reviewed and considered the proffers and arguments of counsel; the Criminal Complaint, ECF No. 1; the Affidavit in Support of the Criminal Complaint, ECF No. 2; the United States' Motion for Detention, ECF No. 7; the Pretrial Services Report, ECF No. 6; the Supplemental Pretrial Services Report, ECF No. 17; Defendant's video exhibit, ECF No. 19; and the Government's photo exhibit, ECF No. 20.

ORDER - 4

Pursuant to 18 U.S.C. § 3142, the Court also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g).

***Nature and Circumstances of the Charged Offense:*** The nature and circumstances of the charged offense are serious and weigh in favor of detention. Based on the Government's proffer and Defendant's video exhibit, Defendant was pulled over while operating a vehicle by Deportation Officers; Defendant repeatedly failed to comply with multiple directives by the officers to exit the vehicle; Defendant appeared to cause the window of the vehicle to close and pin one officer's arm in the vehicle's window; officers deployed firearms and broke a window of the vehicle; and Defendant was eventually detained while continuing to physically struggle during his arrest. Defendant's apparent refusal to comply with lawful orders by law enforcement during his arrest, despite multiple opportunities to do so, is escalatory behavior that endangers Defendant, law enforcement officers, and bystanders. This factor weighs in favor of detention.

***Weight of the Evidence:*** The weight of the evidence appears to be substantial, though this is the least important factor in the Court's analysis. The incident charged in the Criminal Complaint is recorded on video. This factor also weighs in favor of detention.

***Defendant's History and Characteristics:*** Defendant is 47 years old and was born in El Salvador but appears to have lived in Eastern Washington for many years. ECF No. 17 at 1-2. Defendant is not married and has two children. *Id* at 2. According to Defendant's proffer, he has four years of education. Defendant has been employed as a mechanic for several years. *Id*. Defendant has no criminal history. *Id*. Defendant also appears to have failed to comply with the dictates

ORDER - 5

of a prior immigration proceeding that resulted in the entry of a Removal Order in Absentia against Defendant in 2008. Based on both the prior Removal Order in Absentia and the circumstances of the instant case, Defendant appears highly motivated to avoid and resist his removal from the United States, to the point of physically resisting efforts by armed law enforcement officers. Ultimately, while aspects of Defendant's history and characteristics weigh in favor of both release and detention, Defendant's most recent response to the possibility of custody and removal from the United States tips the balance toward detention.

***Nature and Seriousness of the Danger to the Community Posed by Defendant's Release:*** Based on the facts and circumstances of this case, Defendant appears to pose a danger to law enforcement and thereby the community if released because Defendant appears to be highly motivated to avoid and resist removal from the United States. Accordingly, if Defendant were released from custody and Defendant then faced removal from the United States as a result of the instant proceeding or a parallel immigration proceeding, the risk of Defendant fleeing and/or actively resisting arrest through physical force appears to be high given Defendant's alleged behavior in the instant case. Physical resistance and/or flight from arrest poses real dangers for Defendant, law enforcement, and bystanders. This is particularly true when coupled with a vehicle and the potential for highly dangerous flight if the vehicle were used to flee at high speed posing real risks for anyone in the vehicle, pursing the vehicle, and in the path of the vehicle. Here, based on the Government's proffer, Defendant has already demonstrated a willingness to use a vehicle to resist arrest and detention. This factor also weighs in favor of detention.

ECF No. 33 at 3-5.

Ultimately, after consideration of the 18 U.S.C. § 3142(g) factors, the Court detained Defendant and made the following findings:

***Findings Pursuant to 18 U.S.C. § 3142.*** Accordingly, for all the reasons stated during the hearing and in this Order, the Court finds the United States has established by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance at future proceedings and the United

ORDER - 6

States has established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community or any other person if Defendant is released..

ECF No. 33 at 5.

The Court incorporates herein by reference—and as set forth above—the entirety of the analysis and findings detailed in the prior Detention Order, ECF No. 33.

### III.    ANALYSIS

Ultimately, after careful consideration of the proffers and arguments made during the second detention hearing on July 28, 2025, the proffers and arguments made during the initial detention hearing, and the other materials and filings noted above, nothing presented during the second detention hearing materially alters the Court's prior analysis.  The video recording of the efforts by law enforcement officers to effect Defendant's arrest on July 8, 2025 after stopping Defendant in his vehicle with members of Defendant's family present demonstrates that Defendant knew the arresting officers were law enforcement officers[2] and demonstrates that Defendant repeatedly refused to follow the officers' orders and physically resisted their efforts to arrest him over a prolonged period of time.  Defendant's efforts to prevent his arrest included refusing to exit his vehicle, refusing to take his vehicle out of drive, rolling up the driver's side window and pinning a law enforcement officer's arm in the window, and continued physical non-compliance after officers eventually broke the vehicle's side windows and forcefully removed Defendant

---

[2] The Affidavit in support to the Criminal Complaint also notes that Defendant was stopped when the arresting officers conducted a traffic stop "by initiating . . . [their] vehicle's emergency lights."  ECF No. 2 at 2.  The officers then "identified themselves as police and had clearly visible badges."  *Id.*

ORDER - 7

from the vehicle.  Defendant engaged in all of these actions despite the arresting officers drawing weapons when Defendant pinned one of the officer's arms in the vehicle's window and when Defendant otherwise failed to comply with the officers' instructions.

While the Court agrees with Defendant that the situation appeared to be an emotionally heightened situation for Defendant, it was Defendant's refusal to obey the arresting officers' orders that escalated the situation and endangered all involved, including Defendant's own family members also present in his vehicle. The Court understands that Defendant's potential removal from the United States and separation from his family is a difficult prospect for Defendant to face, but such potential consequences were foreseeable to Defendant when he was involved with immigration proceedings in 2008 and then evidently did not secure legal status to remain in the United States, resulting in the entry of a Removal Order in Absentia.[3]  Defendant's evident strong desire to remain in the United States will still be present if Defendant were released and could incentivize Defendant to again physically resist or flee law enforcement officers, thereby endangering himself, law enforcement officers, and the community at large.

The Court also considered Defendant's contention that this case is akin to *United States v. Hatfield*, 2:25-CR-00113-RLP-3 wherein the Court released a different Defendant charged with similar crimes.  While the charges are similar—

---

[3] While Defendant has suggested through counsel that he may now, seventeen years later, seek to challenge the Removal Order in Absentia, it remains clear that Defendant was involved in immigration proceedings in 2008 and those proceedings did not result in Defendant obtaining legal status to remain in the United States, a result (or lack of a result) surely known to Defendant.

ORDER - 8

both Defendants are charged with a violation of 18 U.S.C. § 111(a)(1), (b)—the facts and context of the respective cases are not similar. In *United States v. Hatfield*, 2:25-CR-00113-RLP-3, Mr. Hatfield's 18 U.S.C. § 111 charge involves Defendant allegedly throwing a smoke grenade at law enforcement officers after the smoke grenade landed near him during a civil disturbance at the United States Immigration and Customs Enforcement and Homeland Security Investigations building in Spokane, Washington. ECF No. 1 at 5, 7 (*United States v. Hatfield*, 2:25-CR-00113-RLP-3). It is clear to the Court that Mr. Hatfield engaged in his alleged conduct believing he would not be readily identified—instead, Mr. Hatfield has now been identified (at least according to the Government). Mr. Hatfield's subsequent arrest was also uneventful and the Government functionally withdrew its motion for detention after consideration of Mr. Hatfield's release plan. ECF No. 138 at 2-3 (*United States v. Hatfield*, 2:25-CR-00113-RLP-3). Accordingly, the factual context of Mr. Hatfield's case is not similar to the instant case.

      Aside from a lack of similar facts, the relevant material difference between the two cases are the consequences each Defendant faces if convicted. Mr. Hatfield faces a potential conviction and a potential prison term. Mr. Hatfield does not face removal and deportation from the United States. Defendant in the instant case faces a potential conviction, a potential prison term, and potential removal and deportation from the United States, all of which carries the additional potential for separation from his family members in the United States and a likely order barring his return to the United States for a significant additional period of time, if not indefinitely. Such additional very significant collateral immigration consequences, as repeatedly emphasized by counsel, are quite severe for Defendant. Accordingly, it cannot be reasonably disputed that if Defendant is convicted in this case and then removed from the United States (or removed from the United States through a

ORDER - 9

parallel immigration proceeding), the consequences for Defendant go far beyond a potential conviction and a potential prison term and provide much more powerful incentives for Defendant to not appear for future proceedings and much more powerful incentives for Defendant to again resist arrest and detention if he were released. The motivation to avoid such additional severe consequences beyond a conviction and a prison term are simply not present in *United States v. Hatfield*, 2:25-CR-00113-RLP-3.

## IV.  ORDER

Again, the Court has fully considered the proffers and arguments of counsel; the file in this case; the Criminal Complaint, ECF No. 1; the Affidavit in Support of the Criminal Complaint, ECF No. 2; the United States' Motion for Detention, ECF No. 7; the Pretrial Services Report, ECF No. 6; the Supplemental Pretrial Services Report, ECF No. 17; Defendant's video exhibit, ECF No. 19; the Government's photo exhibit, ECF No. 20; Defendant's Motion to Reconsider Detention, ECF No. 21; Defendant's non-scannable exhibits, ECF No. 22; the Indictment, ECF No. 24; Defendant's submitted Spokane Police Department training bulletin regarding immigration enforcement situations, ECF No. 32; and the Detention Order, ECF No. 33. Pursuant to 18 U.S.C. § 3142, the Court also again considered:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and,

4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g).

The Court finds for the reasons stated in the prior Detention Order and the reasons set forth in this Order, that based on the facts and circumstances of this case, the United States has again established by a preponderance of the evidence that there are no condition or combination of conditions of release the Court could impose that would reasonably assure Defendant's appearance at future proceedings. The Court also finds the United States has again established by clear and convincing evidence that there are no condition or combination of conditions of release the Court could impose that would reasonably assure the safety of the community or any other person if Defendant is released. Accordingly, Defendant's Motion to Reconsider Detention is denied and Defendant shall remain detained pending trial.

**IT IS ORDERED:**

1. The Defendant's Motion to Reconsider Detention, **ECF No. 21,** is **DENIED**. Defendant shall be held in detention pending disposition of this case or until further order of the court. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

2. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with

ORDER - 11

a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

3. If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a post-bail report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

4. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED August 18, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 12