Carter Powers Beggs
*Trial Attorney*
Justin Lonergan
*Trial Attorney*
601 West Riverside Ave., Suite 900
Spokane, Washington 99201
509.624.7606
Attorney for Hector Iraheta-Mercado

United States District Court
Eastern District of Washington
Honorable Mary K. Dimke

| | |
|---|---|
| United States,<br><br>                    Plaintiff,<br><br>         v.<br><br>Hector Iraheta-Mercado,<br><br>                    Defendant. | No. 2:25-cr-00116-MKD-1<br><br>***Response*** - Government's Motions *in Limine* 1-5<br><br><br>February 4, 2026 – 10:00 a.m.<br><br>Spokane—with oral argument |

Mr. Iraheta-Mercado submits the following response to the Government's five motions *in limine*.

### 1.    Government's Motion re Self-Defense

Mr. Iraheta-Mercado respectfully requests the Court deny the Government's motion or at least determine it is premature. As he reads the Government's motion, it asks the Court to forbid any suggestion or argument in closing that Mr. Iraheta-Mercado acted in self-defense unless a prima facie showing of self-defense is first obtained. Mr. Iraheta-Mercado submits that no matter how the United States chooses to tactically present its case, the issue of self-defense will have been raised.

Specifically, the following are undisputable facts that raise at least a prima facie self-defense argument.  After a decade of residency in the United States, Mr. Iraheta-Mercado was pulled over by plain clothed officers.  He had not committed a traffic infraction, nor had he engaged in any kind of felony conduct in the officers' presence. He was driving lawfully in a vehicle registered to him, after departing from a residence where he was a named lessee.  No objective evidence confirms the officers gave Mr. Iraheta-Mercado an explanation for the stop.  The officers spoke to Mr. Iraheta-Mercado in a language Mr. Iraheta-Mercado did not understand.  Under these circumstances, Mr. Iraheta-Mercado could reasonably have been mistaken as to the officers' identities *and intentions*.  Ultimately, what *other* evidence comes in will be a

matter for trial, but it cannot be said that self-defense is not at least before the jury from the outset of the case.

### *Reasonable self-defense in response to excessive force is also a defense.*

Additionally, while the Government correctly notes that an honest mistake of fact about the identity of law enforcement is one theory of self-defense, the Government's briefing incorrectly states it is the only defense available.[1] Reasonable self-defense to excessive force by law enforcement has been uncontroverted in the 9th Circuit as an additional affirmative defense to *Assault on a Federal Officer*. *See United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992); *United States v. Ornelas*, 906 F.3d 1138, 1146–48 (9th Cir. 2018) (assuming without deciding that self-defense claim was supported by law). As indicated in Mr. Iraheta-Mercado's pretrial motions, he also intends to pursue this avenue as a potential theory of defense.

Whether Mr. Iraheta-Mercado had a mistake or misunderstanding of the arresting officer's status or whether he acted in reasonable self-defense to excessive force is an issue to be resolved at trial, making the Government's motion regarding proper arguments premature. As such, the Court must deny the Government's motion in limine.

---

[1] *See* Government's Motion in Limine ECF No. 60 at Pg. 1 ("Self-defense is *not* a defense to assault on a federal officer absent 'an honest mistake of fact'") (emphasis added).

### 2.     Government's Motion re Use of Force

The Government argues that whether Officer Waite used excessive force is irrelevant as it is "not a defense to the charge of assaulting a federal officer".[2] The Government misstates the law. As discussed above, the 9th Circuit has repeatedly affirmed that reasonable self-defense to excessive force is an affirmative defense to Assault on a Federal Officer. In *Span* I, the 9th Circuit agreed with the petitioner in a 18 U.S.C. § 111 case that a jury instruction that only instructed on *Feola* self-defense "would be inappropriate" as it foreclosed a theory of excessive force. United States v. Span, 970 F.2d 573, 577 (9th Cir. 1992). The court went on to note that to do so would be refusing an instruction of "the defendant's *right* to use reasonable force to repel excessive force by a federal law enforcement officer." *Id.* (emphasis added). When *Span* came back in front of the Courton habeas review, the 9th Circuit doubled down, finding that not only was reasonable force to repel excessive force an affirmative defense, it would be constitutionally ineffective of *Span*'s counsel to not bring an instruction before the trial court. *See generally* United States v. Span, 75 F.3d 1383 (9th Cir. 1996). Making this defense abundantly clear before trial is important because the inquiry into whether officers used excessive force against Mr. Iraheta-Mercado casts a wide net of relevance. As the Supreme Court recently clarified, this totality of the

---

[2] Government's Motion in Limine ECF No. 60 at Pg. 3.

circumstances analysis "has no time limit." Barnes v. Felix, 605 U.S. 73, 80 (2025) It takes into consideration both prior events leading up to the contact, as well as the events of the moment. *See id.*

Mr. Iraheta-Mercado has a constitutional right to present his case and have the jury instructed accordingly so long as it is supported by law and has a foundation in the evidence. *United States v. Marguet-Pillado*, 648 F.3d 1001, 1006 (9th Cir. 2011). The Government asks for his argument to be stricken as it is "inflammatory" and "prejudicial," but if there is foundation in law and fact, then it is irrelevant whether the jury develops a negative finding regarding the officers' conduct. Mr. Iraheta-Mercado has a right to a complete defense, and the Government's motion must be denied.[3]

**3.    Government's Motion re Good Character and Duration of Residency**

*Character Evidence*. The Government argues that positive character evidence of Mr. Iraheta-Mercado must be excluded as irrelevant. Not so. Any potential testimony in this arena goes directly to Mr. Iraheta-Mercado's intent during the interaction, particularly in light of the fact agents deliberately surprised him with this arrest. The

---

[3] It is worth noting that the Government's motion in limine was submitted hours prior to Mr. Iraheta-Mercado formally raising factual concerns about excessive force in his pretrial briefing. As the Government has not yet responded to this briefing, Mr. Iraheta-Mercado's response at this time would be for the most part a redundant recitation of those same concerns. In addition, the Defense is still waiting on additional discovery requests to be fulfilled that have bearing on Mr. Iraheta-Mercado's self-defense claim that may strengthen it in advance of trial. As such, Mr. Iraheta-Mercado reserves further discussion for his reply to the Government on this issue.

Government must prove beyond a reasonable doubt that Mr. Iraheta-Mercado willfully intended to injure Officer Waite. *United States v. Chapman*, 528 F.3d 1215, 1219 (9th Cir. 2008). Mr. Iraheta-Mercado's alleged intent to injure stands in stark contrast to long history of peaceful residency in the United States. F.R.E. 404(a)(2) precisely envisions these traits being relevant to an assault defense. United States v. Giese, 597 F.2d 1170, 1190 (9th Cir. 1979)("defendant-witness may cite specific instances of conduct as proof that he possesses a relevant character trait such as peaceableness.") The Government will have the opportunity to rebut this character trait, but they cannot be permitted to limit this potential evidence prior to trial. F.R.E. 404(a)(2)(A).

***Duration of Residency***. The Government also argues that evidence of Mr. Iraheta-Mercado's duration of residence is irrelevant. Not so. Mr. Iraheta-Mercado's long residence in the United States goes directly to his affirmative self-defense claim and must be admitted to preserve his right to a complete defense. If an individual is not bothered by immigration officers for years, they are less likely to immediately suspect they are being targeted by immigration agents. Mr. Iraheta-Mercado's long duration of residence makes it more probable that an honest mistake of fact regarding the identity of immigration officers occurred, making it relevant under F.R.E. 401.

To fully appreciate the relevance of Mr. Iraheta-Mercado's long-term residency, it is helpful to consider if the reverse was true. If Mr. Iraheta-Mercado had unlawfully

crossed into the United States just a few weeks prior to his arrest, it would be far less reasonable to assert confusion over what occurred. We know that is not this case, but if evidence of residency is excluded, the jury will be left to speculate. In order for Mr. Iraheta-Mercado to present a complete defense the Government's motion must be denied.

### 4. Motion re Consequences of Conviction

The Government moves to limit any testimony regarding potential punishment and immigration consequences stemming from a conviction for Mr. Iraheta-Mercado Mr. Iraheta-Mercado objects in part, to preserve a limited line of argument. Mr. Iraheta-Mercado does not object to the exclusion of specific references to what punishment Mr. Iraheta-Mercado faces if he is convicted, but objects to the exclusion of his potential argument that criminal acts at a general level have consequences, and because they have consequences they are not undertaken lightly.

Whether Mr. Iraheta-Mercado intentionally committed a crime is of import in these proceedings. When assessing intentionality, a jury must be able to consider the fact that many individuals do not commit crimes due to the fear of punishment if they are caught. Indeed, this concept of deterrence is of enough importance to be specifically referenced in the 3553(a) sentencing factors a Court must consider at sentencing.

To preserve a complete defense, Mr. Iraheta-Mercado must be able to argue that at a general level felony criminal acts have felony criminal consequences. Because criminal acts have criminal consequences, individuals do not undertake them lightly. Iraheta-Mercado does not intend to present this line of argument to influence the jury's emotions or sense of proper punishment, but only to properly contest a primary issue in his case. As such, the Government's motion should be denied in part.

### 5. Government's Motion re Nullification

Finally, the Government moves to exclude any direct or indirect intention to spur a jury into nullification. Mr. Iraheta-Mercado has no intentions of seeding jury nullification. In fact, due to the politically charged nature of the facts in this case, Mr. Iraheta-Mercado is equally concerned that a jury could abandon the law and convict Mr. Iraheta-Mercado *without* a proper basis. As such, Mr. Iraheta-Mercado reserves the same right as the Government to request the remedial instruction if it believes improper bases have been injected into the trial proceeding.

Dated: January 23, 2026.

Federal Defenders of E. Washington & Idaho
Attorney for Hector Iraheta-Mercado
s/Carter Powers Beggs
Carter Powers Beggs, WSBA No. 60065
601 West Riverside Ave., Suite 900
Spokane, Washington 99201
t: (509) 624-7606

– 7 –

carter_powersbeggs@fd.org

## Service Certificate

I certify that on January 23, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Ann Wick.

s/Carter Powers Beggs
Carter Powers Beggs, WSBA No. 60065
601 West Riverside Ave., Suite 900
Spokane, Washington 99201
t: (509) 624-7606
carter_powersbeggs@fd.org