FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 03, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>HECTOR SAUL IRAHETA-MERCADO,<br><br>             Defendant. | No. 2:25-CR-00116-MKD-1<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE UNITED STATES' MOTIONS IN LIMINE<br><br>**ECF No. 60** |

On February 4, February 6 and February 25, 2026, the Court held a pretrial conference. ECF Nos. 73, 77, 107. Defendant appeared in custody and was represented by Carter Powers Beggs and Justin Lonergan. AUSA Ann Wick represented the United States. The United States filed Motions in Limine, ECF No 60. The Court has reviewed the record, heard from counsel, and is fully informed. For the reasons stated on the record at the pretrial conference and below, the Court denies grants in part, denies in part, and defers in part the United States' Motions in Limine.

ORDER – 1

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 111 (9th Cir. 2009). "A motion *in limine* is ordinarily granted only if the evidence at issue is inadmissible on all potential grounds; if not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context." *United States v. Robinson*, No. 22-CR-00212, 2023 WL 6147569, at *1 (W.D. Wash. Sept. 20, 2023).

The Court's rulings on motions in limine are "subject to change when the case unfolds[.]" *Luce v. United States*, 469 U.S. 38, 41 (1984). "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id.* at 41-42.

## DISCUSSION

**A. Self-Defense**

The United States moved to preclude defendant from presenting evidence, argument, and jury instructions related to a theory of self-defense. Specifically, "[a]ssuming Defendant does not attempt or fails to make a satisfactory prima facie showing of the self-defense elements regarding assault on a federal officer, the United States moves to exclude any argument or suggestion that Defendant's actions were somehow a justified response to immigration authorities attempting to

ORDER – 2

take him into custody." ECF No. 60 at 2.  Defendant asks the Court to deny the United States' motion or determine that it is premature.  ECF No. 63 at 2.

Defendant has made a sufficient offer of proof of self-defense, including a decade of residency in the United States, being pulled over by plain clothes officers in unmarked vehicles, a lack of traffic infraction, driving lawfully in a vehicle registered to him, and departing from a residence where he was a named lessee.  *See* ECF Nos. 63, 83; *see also U.S.A. v. Murillo*, No. CR 05- 69, 2008 WL 11411629, at *22 (C.D. Cal. May 23, 2008) (noting that the Ninth Circuit "has approved an order barring the employment of a defense at trial only when the offer of proof was insufficient as a matter of law to establish a defense, or the evidence was wholly unrelated to the case"), *aff'd sub nom. United States v. Rodriguez*, 766 F.3d 970 (9th Cir. 2014).

Defendant is permitted to offer evidence related to his theory of self-defense, subject to the additional pending motion practice.  The Court **RESERVES** ruling on the motion related to argument and jury instructions, depending upon evidence presented at trial.  The United States may renew its motion in opposition to a self-defense jury instruction if Defendant fails to establish a prima facie case for self-defense at trial.

ORDER – 3

**B. Use of Force**

The United States asks the Court to exclude arguments that the officers in question utilized excessive force. EF No. 60 at 2. The Court **GRANTS** this motion for the reasons detailed in the Court's Order regarding Defendant's Motion for Miscellaneous Relief, ECF No. 62.

**C. Good Character and Duration of Residency**

The United States seeks to exclude evidence that Defendant "is of good character, is hard working, and has lived in the United States for much of his life." ECF No. 60 at 5. The United States asserts that such evidence is irrelevant and inadmissible under Fed. R. Evid. 401-02. During the pretrial conference, Defendant distinguished three types of character evidence: (1) evidence of Defendant's behavior on the day in question, (2) evidence of Defendant's peaceful nature, and (3) evidence of the duration of Defendant's residency in the United States. The Court addresses these in turn.

During the pretrial conference, the parties agreed that evidence Defendant had not committed any traffic violations on the day of the charged offense is admissible. Accordingly, the Court **DENIES** the United States' motion with respect to evidence Defendant did not commit a traffic violation before being stopped.

ORDER – 4

Defendant asserts that evidence of his peaceful nature is relevant to the charge of assaulting a federal officer. ECF No. 63 at 6. Generally, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). One exception to this rule permits "a defendant [to] offer evidence of the defendant's pertinent trait." Fed. R. Evid. 404(a)(2)(A). "When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct." Fed. R. Evid. 405(a).

Defendant is charged with forcible assault, which requires "one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm." Ninth Circuit Model Crim. Jury Instruction 8.3. Courts have held that peacefulness can be a pertinent character trait when a defendant is charged with assault. *See, e.g.*, *United States v. Ballou*, 59 F. Supp. 3d 1038, 1064 (D.N.M. 2014) (holding, in a case in which the defendant was charged with assault within the maritime and territorial jurisdiction of the United States under 18 U.S.C. § 113(a)(4), that "[the

ORDER – 5

defendant] may elicit testimony of his own character for non-violence, and use that testimony to argue that he probably acted non-violently on this occasion").

Accordingly, the Court **DENIES** the United States motion with respect to evidence of Defendant's peaceful nature, which is pertinent, but cautions Defendant that "by relating a personal history supportive of good character, a defendant may be opening the door to rebuttal evidence along the same line." *United States v. Giese*, 597 F.2d 1170, 1190 (9th Cir. 1979) (quotation omitted).

Lastly, Defendant asserts that evidence of the duration of his residency in the United States is relevant to his claim of self-defense. Specifically, Defendant contends that the fact he had been in the country for many years without interaction with immigration authorities is relevant to his belief or misunderstanding as to the officers' identifies, which is relevant to his claim of self-defense. The Court agrees and accordingly **DENIES** the United States' motion with respect to evidence of Defendant's duration in the United States, so long as it is argued consistent with this proposition and not for any other improper reason. However, the Court cautions Defendant that introducing such evidence may open the door to rebuttal evidence relevant to Defendant's reasonable belief about the identity of the officers.

ORDER – 6

**D. Consequences of Conviction**

The United States seeks to preclude Defendant from "[a]ny arguments asking the jury to consider Defendant's hypothetical removal, or implying that a conviction or acquittal would, respectively, cause or halt Defendant's removal." ECF No. 60 at 5. Defendant objects, in part, "to the exclusion of his potential argument that criminal acts at a general level have consequences, and because they have consequences they are not undertaken lightly." ECF No. 63 at 7. By agreement of the parties, the Court **GRANTS in part and DENIES in part** this motion. The parties may not introduce evidence or argument regarding the consequences of conviction. However, Defendant may make the narrow argument that because criminal acts have consequences that they are not undertaken lightly.

**E. Nullification**

"The United States moves to exclude any direct or indirect attempts to encourage or seed nullification, and intends to object should any such argument occur." ECF No. 60 at 6. By agreement of the parties, the Court **GRANTS** this motion.

**IT IS HEREBY ORDERED:**

1. The United States' Motions in Limine, **ECF No. 60**, are **GRANTED in part, DENIED in part, and RESERVED in part.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and

ORDER – 7

provide copies to all counsel.

DATED March 3, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER – 8