FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 03, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-CR-00116-MKD-1 |
| Plaintiff, | ORDER OF MISTRIAL NUNC PRO TUNC |
| v. | |
| HECTOR SAUL IRAHETA-MERCADO, | |
| Defendant. | |

From March 10 to March 13, 2026, the Court conducted a jury trial. ECF Nos. 127, 130, 137, 141. Defendant appeared in custody and was represented by Justin Lonergan and Carter Powers Beggs. AUSA Ann Wick represented the United States. The Court declared a mistrial on March 13, 2026, after the jury failed to reach a verdict. This Order summarizes and supplements the Court's oral ruling.

**BACKGROUND**

On March 10, 2026, the jury trial commenced. ECF No. 127. On March 12, 2026, at 3:49 p.m., the Court submitted the matter to the jury for deliberations.

ORDER - 1

ECF No. 137 at 3.  At 4:50 p.m., the jury sent the Court a question.  ECF No. 142 at 1.  The Court informed the jury that it would answer the question when it resumed deliberations on March 13, 2026, and excused the jury at approximately 5:00 p.m.  ECF No. 137 at 3.  The Court then consulted with the parties regarding the question.  *Id.*

On March 13, 2026, at approximately 8:30 a.m., the jury arrived to resume deliberations and Court staff provided them with a written answer to the March 12, 2026, question.  ECF No. 141 at 1.  Between 8:45 a.m. and 9:11 a.m., the jury sent the Court two questions.  ECF Nos. 143 at 1, 144 at 1.  After consulting with the parties, the Court responded to each question in writing.  ECF Nos. 143 at 2, 144 at 2; *see also* ECF No. 141 at 1.

At 2:05 p.m., the jury sent the Court a question stating, "We, the jury, would like to view the Gov't Exhibit 04 in slow motion – from the beginning to 02:18 – at .25 speed, if possible."  ECF No. 146 at 1.  At 2:10 p.m., the jury sent the Court another question.  ECF No. 147 at 1.  After consulting with the parties, the jury returned to the courtroom at 2:32 p.m. to watch Exhibit 4 in slow motion.  ECF No. 141 at 2.  The jury was excused to resume resumed deliberations at 2:57 p.m. *Id.*  After consulting with the parties, at 3:05 p.m., the Court responded in writing to the jury's question from 2:10 p.m.  ECF No. 147 at 2; *see also* ECF No. 141 at 2.

ORDER - 2

At 4:02 p.m., the jury sent the Court a note stating they had reached an impasse. ECF No. 148; *see also* ECF No. 141 at 2. The Court consulted with the parties and defense counsel objected to the suggestion of supplemental argument by counsel. ECF No. 141 at 2. The Court inquired of the presiding juror whether there was anything the Court could do to assist the jurors in their deliberations and whether the presiding juror believed there was a reasonable probability that the jury could reach a unanimous verdict if sent back to the jury room to continue deliberations. *Id.* The presiding juror replied, "No." *Id.* The Court then inquired of the remaining jurors whether they believed there was a reasonable probability that the jury could reach a unanimous verdict if sent back to the jury room to continue deliberations. *Id.* Nine jurors replied, "No," and two replied, "Yes." *Id.* After again consulting with the parties, the Court directed the jury to continue deliberating and to inform the Court if it could do anything to assist the jurors in their deliberations. *Id.*

At 5:05 p.m., the jury sent the Court a note requesting additional argument. ECF No. 149 at 1. The Court consulted the parties and responded in writing, "Additional argument of 10 minutes per side will occur at 5:35 p.m." *Id.* at 2; *see also* ECF No. 141 at 3. After hearing supplemental argument, the jury was excused to continue deliberating at 6:00 p.m. ECF No. 141 at 3.

ORDER - 3

At 6:30 p.m., the jury sent the Court the following note: "We remain deadlocked, and unable to reach a unanimous verdict." ECF No. 150 at 1. The Court consulted the parties who agreed that if all jurors confirmed they were deadlocked, the Court would release the jury and declare a mistrial. ECF No. 141 at 3. In the presence of the full jury, the Court asked the presiding juror whether the jury was hopelessly deadlocked, to which the presiding juror answered, "Yes," and whether there was a reasonable probability that the jury could reach a unanimous verdict if sent back to the jury room for further deliberations, to which the presiding juror answered, "No." *Id.* at 4. The Court asked the remaining jurors if any disagreed with the presiding juror's answers, and no juror indicated they disagreed. *Id.* Accordingly, the Court discharged the jury at 6:48 p.m. *Id.* The Court inquired whether the parties objected to the Court declaring mistrial. *Id.* The parties did not object. *Id.*

## LEGAL STANDARD

"A district court may declare a mistrial and retry a defendant without violating the prohibition against double jeopardy when there is a manifest necessity for the discharge of the original proceeding." *United States v. Hernandez-Guardado*, 228 F.3d 1017, 1029 (9th Cir. 2000). "A hung jury is the classic example of manifest necessity." *Id.* (citations omitted).

ORDER - 4

"Before ordering a mistrial, the court must give each defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives." Fed. R. Crim. P. 26.3. According to the Ninth Circuit,

> In determining whether to declare a mistrial because of jury deadlock, relevant factors for the district court to consider include the jury's collective opinion that it cannot agree, the length of the trial and complexity of the issues, the length of time the jury has deliberated, whether the defendant has objected to a mistrial, and the effects of exhaustion or coercion on the jury. The most critical factor is the jury's own statement that it is unable to reach a verdict.

*Hernandez-Guardado*, 228 F.3d at 1029 (citations and internal quotation marks omitted). "A district need not, and indeed should not, order continued deliberations once it becomes apparent that hopeless deadlock exists." *United States v. Jefferson*, 566 F.3d 928, 936 (9th Cir. 2009).

**DISCUSSION**

The Court has considered the factors and finds declaration of a mistrial is appropriate. The jury deliberated for approximately eleven hours, which is consistent with the scope of the evidence and the number of issues. The jury indicated twice in writing that they were at an impasse. Upon the first notice, the Court polled the jurors individually, and a minority of jurors indicated that the jury might be able to reach a unanimous verdict with further deliberations. After

ORDER - 5

additional argument, the jury deliberated for approximately 30 more minutes and sent another note to the Court before indicating they remained at an impasse.  At that point, all jurors agreed they were deadlocked and that there was no reasonable probability they would reach a unanimous verdict after further deliberations.  Further, Defendant did not object to the Court declaring a mistrial.  In light of these factors, the Court declares a mistrial.

Any retrial following the declaration of a mistrial must commence within 70 days of the date the mistrial was declared, which here was March 13, 2026.  18 U.S.C. § 3161(e); *see also United States v. Pitner*, 307 F.3d 1178, 1182 n.3 (9th Cir. 2002) (concluding "the declaration of the mistrial" is the relevant "action occasioning retrial" that starts the 70-day clock under 18 U.S.C. § 3161(e)).  As detailed in the Court's Sixth Case Management Order, Defendant states a continuance is necessary to prepare a competent defense and has filed a Waiver of Speedy Trial Rights, accompanied by a Statement of Reasons, in support. ECF No. 151.  The United States does not object to a continuance.

The Court finds that, taking into account the exercise of due diligence, a trial before June 2, 2026, would deprive defense counsel of adequate time to obtain and review discovery and conduct effective preparation. 18 U.S.C. § 3161(h)(7)(B)(iv).  Therefore, the Court finds that the ends of justice are served by a continuance in this matter and further that the ends of justice served by a continuance outweigh

ORDER - 6

the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Accordingly, **IT IS HEREBY ORDERED:**

**1.** The Court declares a **MISTRIAL nunc pro tunc to March 13, 2026, the date on which the Court orally declared a mistrial**.

**2.** A Waiver of Speedy Trial Rights, accompanied by a Statement of Reasons, has been signed and filed by Defendant. **ECF No. 151**. All time from the mistrial on **March 13, 2026**, to the new trial date of **June 2, 2026**, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(e) and (h)(7).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** April 3, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 7