FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 07, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HECTOR SAUL IRAHETA-MERCADO, <br><br> Defendant. | No. 2:25-CR-00116-MKD-1 <br><br> ORDER FOLLOWING PRETRIAL CONFERENCE <br><br> **ECF No. 203** |

On June 2, 2026, the Court held a pretrial conference. Defendant appeared in custody and was represented by Carter Powers Beggs and Justin Lonergan. AUSA Ann Wick represented the United States. Defendant filed a Response and Objection to Court's Ruling Regarding Rule 404(b) Notice, ECF No. 202, and a Motion for Reconsideration of Defense Motion in Limine/Request for Judicial Notice, ECF No. 203. The Court has reviewed the record, heard from counsel, and is fully informed. For the reasons stated on the record and supplemented below, the Court grants in part and denies in part these motions.

ORDER – 1

## A. Rule 404(b) Evidence

The United States filed a notice pursuant to Fed. R. Evid. 404(b), ECF No. 172, seeking to offer evidence at the second trial.  At the first trial, the Court excluded evidence that Defendant had provided a false date of birth and false Social Security number in connection with his employment unless Defendant testified, in which case such evidence could be used to cross-examine him.  Subsequently, in closing argument in support his claim of self-defense, Defendant emphasized that he had no reason to believe U.S. Immigration and Customs Enforcement would be looking for him based on a 17-year-old "confusing" immigration case and that the evidence demonstrated he was not trying to hide from authorities or avoid the system.  Based on the arguments made in the first closing argument, the United States requested that the Court reconsider the prior order excluding evidence related to Defendant's employment and additional information related to his immigration history.

The proffered evidence is relevant to the issues raised as a defense to the charge.  Defendant asserts a claim of self-defense to the charge of assault on a federal officer in violation of 18 U.S.C. § 111(a)(1), (b).  When one asserts a claim of self-defense, the United States must prove beyond a reasonable one of the following: (1) *the Defendant knew that Jaimie Waite was a law enforcement officer*, or (2) that the Defendant did not reasonably believe force was necessary to

ORDER – 2

defend against an immediate use of unlawful force, or (3) that the Defendant used more force than appeared reasonably necessary in the circumstances.  Thus, Defendant's awareness of his immigration status and whether there would have been a reason for law enforcement or immigration authorities to contact him are relevant to his knowledge of whether he knew Officer Waite was a law enforcement officer.  Evidence related to his prior immigration criminal history, his being issued a Notice to Appear with immigration authorities, and his use of false work-related documents are facts all known to the Defendant that could speak to the issue of whether he had any reason to believe that immigration or law enforcement authorities might contact him.[1]  Moreover, Defendant argued to the

---

[1] The fact that U.S. Immigration and Customs Enforcement did not know that Defendant possessed or used false identification information in the context of his employment at the time of the incident does not negate the fact that this evidence is relevant as to *Defendant's* state of mind.  It is evidence indicative of his knowledge of his immigration status.  For example, submitting false documents in connection with employment, such as A-numbers, Social Security numbers/cards, and legal permanent resident cards, could be evidence that an individual is aware of their lack of legal status.  It also could be offered as inconsistent with the concept of not "hiding" or not "avoiding the system."

ORDER – 3

jury that he was living out in the open and not hiding or avoiding the system; the Government is entitled to offer evidence to undermine that argument.

Further, while this evidence may be prejudicial, the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice, particularly given Defendant's prior closing arguments, which asserted that Defendant was not "hiding" or "trying to avoid the system." Specifically, Defense counsel argued:

> First, there's this assumption that immigration is on the front of Mr. Iraheta-Mercado's mind. Well, it's based on the 17-year-old confusing immigration situation. Well, they assumed he knew who they were, and we're going to talk about how a person may not know beyond a reasonable doubt that someone is in fact who they claim.
>
> . . .
>
> One of the critical things that the government is asking you to do is assume that Mr. Iraheta-Mercado knew these men were coming to get him for immigration issues. Well, is that possible? Sure. Possible. But we don't deal with possibilities when we can – when we have the government trying to convict somebody of a criminal charge. We deal with evidence. So we look at before/during/after the stop.
>
> Before the stop, this is not somebody who's hiding. He's someone who comes out of an address that law enforcement knows is a last known residence. He's in a vehicle that's properly registered to him. He presents a valid Washington state driver's license. This isn't somebody who is presenting a false name to law enforcement officers. It's not someone who's trying to avoid the system.

ORDER – 4

> He didn't know these officers.  He'd never seen them around. He wouldn't – he didn't know them from town or anything. . . .

ECF No. 155 at 25-26.

Given the arguments advanced at the first trial, the Court allowed Defendant a choice—decline to advance the arguments that Defendant had no reason to believe U.S. Immigration and Customs Enforcement would be looking for him and/or that he was not hiding or avoiding the system; or, if Defendant wished to advance those arguments, the Court ruled the United States would be permitted to present additional evidence regarding his immigration history and that he provided false identification information in connection with his employment.  Defendant subsequently provided notice that he reserves the right to present this line of argument.  ECF No. 202.  As Defendant has reserved the right to present this line of argument in closing argument, the Court will permit the United States' Fed. R. Evid. 404(b) evidence to show Defendant's state of mind, knowledge, or intent at the time of the July 8, 2025, incident regarding his knowledge of his immigration status and whether he had reason to believe that immigration authorities may have a reason to contact him.

## B. Motion to Reconsider Order Regarding Judicial Notice

Defendant requested that the Court reconsider its Order declining to take judicial notice of the contents of three press releases concerning U.S. Immigration

ORDER – 5

and Customs Enforcement operations.  ECF No. 160 at 2.  As detailed on the record, the Court declines to do so but will allow inquiry into whether the officers had uniforms and/or tactical gear available to them with identifying marks. Defendant is permitted to select photographs representative of the tactical gear used by the testifying agents' respective agency, which Defendant may show to the officers and the jury on cross examination.

Regarding the additional exhibits provided by Defendant, ECF Nos. 203-1 (Exhibit A) and 203-2 (Exhibit B), Defendant may question the officers as to whether they were in violation of the agency's policy regarding the use of body armor detailed in ECF No. 203-1 (Exhibit A) but may not use this exhibit to argue that the officers were required to wear *marked* or agency identifying body armor unless Defendant can produce additional information showing the tie between Exhibit A, regarding body armor, and Exhibit B, regarding law enforcement visibility.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reconsideration, **ECF No. 203**, is **GRANTED IN PART AND DENIED IN PART**.

ORDER – 6

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

DATED June 5, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER – 7