FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 08, 2026

SEAN F. MCAVOY, CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HECTOR SAUL IRAHETA-MERCADO,<br><br>Defendant. | No. 2:25-CR-00116-MKD |

# FINAL INSTRUCTIONS GIVEN BY THE COURT

**DATED** June 8, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
United States District Judge

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

The Indictment is not evidence. The Defendant has pleaded not guilty to the charge. The Defendant is presumed to be innocent unless and until the Government proves the Defendant guilty beyond a reasonable doubt. In addition, the Defendant does not have to testify or present any evidence. The Defendant does not have to prove innocence; the Government has the burden of proving every element of the charge beyond a reasonable doubt.

INSTRUCTION NO. 3

You are here only to determine whether the Defendant is guilty or not guilty of the charge in the Indictment. The Defendant is not on trial for any conduct or offense not charged in the Indictment.

INSTRUCTION NO. 4

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the Defendant did not testify.

INSTRUCTION NO. 5

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the Defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

INSTRUCTION NO. 6

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits received in evidence.

INSTRUCTION NO. 7

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

First, questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

Second, any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

Third, anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it

differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 10

You heard testimony and saw evidence, Exhibits 20-29, related to the Defendant's prior conviction and immigration history. You also heard testimony and saw evidence, Exhibits 16-19, that the Defendant possessed or used identification information that did not belong to him. This evidence of other acts was admitted only for a limited purpose. You may consider this evidence only for the purpose of deciding whether the Defendant had the state of mind, knowledge, or intent necessary to commit the crime charged in the Indictment. Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The Defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the Defendant committed the crime charged. You may not consider this evidence as proof that the Defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the Defendant may have committed the other act, he must also have committed the act charged in the indictment.

Remember that the Defendant is on trial here only for assault on a federal officer in violation of Title 18, United States Code, Section 111(a) and (b), not for these other acts. Do not return a guilty verdict unless the Government proves the crime charged in the Indictment beyond a reasonable doubt.

INSTRUCTION NO. 11

You have heard a recording in both the English and the Spanish language. Each of you has been given a transcript of the recording that has been admitted into evidence.

First, the English language transcript is to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that with regard to the English language, the recording is the evidence, not the English language transcript. If you hear something different from what appears in the transcript, what you hear is controlling.

Second, although some of you may know the Spanish language, it is important that all jurors consider the same evidence. The Spanish transcript is the evidence, not the foreign language spoken in the recording. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

INSTRUCTION NO. 12

You have heard testimony that the Defendant made a statement. It is for you to decide (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the Defendant may have made it.

INSTRUCTION NO. 13

The Defendant is charged in the Indictment with assault on a federal officer in violation of Section 111(a)(1), (b) of Title 18 of the United States Code. For the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, on or about July 8, 2025, in the Eastern District of Washington, the Defendant forcibly assaulted Jaimie Waite;

Second, the Defendant did so while Jaimie Waite was engaged in, or on account of his official duties; and

Third, the Defendant inflicted bodily injury.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A Deportation Officer is a federal officer. To determine whether Jaimie Waite was engaged in his official duties, the Government must prove that Jaimie Waite was acting within the scope of his employment, that is, that Jaimie Waite's actions fell within his agency's overall mission, in contrast to engaging in a personal frolic of his own.

Bodily injury means a cut, abrasion, bruise, disfigurement, physical pain, or

any other injury to the body, no matter how temporary.

INSTRUCTION NO. 14

An act of resisting arrest is not by itself an assault.

INSTRUCTION NO. 15

Law enforcement officers are not required to inform an individual being arrested of the reason for the arrest, nor show the individual an arrest warrant, prior to the arrest.

INSTRUCTION NO. 16

The Defendant asserts that he acted in self-defense. It is a defense to the charge if (1) the Defendant did not know that Jaimie Waite was a law enforcement officer, (2) the Defendant reasonably believed that use of force was necessary to defend oneself or another against an immediate use of unlawful force, and (3) the Defendant used no more force than reasonably necessary in the circumstances.

Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

In addition to proving all the elements of the crime beyond a reasonable doubt as set forth in Instruction No. 13, the Government must also prove beyond a reasonable doubt, with all of you agreeing, one of the following: (1) the Defendant knew that Jaimie Waite was a law enforcement officer, or (2) that the Defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force, or (3) that the Defendant used more force than appeared reasonably necessary in the circumstances.

If you have a reasonable doubt whether or not the Defendant acted in self-defense, your verdict must be not guilty.

INSTRUCTION NO. 17

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the Government has proved its case against the Defendant beyond a reasonable doubt.

INSTRUCTION NO. 18

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice,

fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

INSTRUCTION NO. 19

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based

on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

INSTRUCTION NO. 20

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 21

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; and how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note through the Court Security Officer, signed by your presiding juror or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any “outside” website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data or media from the jury room, and do not copy any such data.

INSTRUCTION NO. 22

The video clip exhibits will be made available in the jury room on the JERS system. That system allows the video clips to be played at normal speed. If the jury wishes to view any of these exhibits in a slower motion, send out a note signed by one of the jurors and identify which exhibit you would like to view in a slower motion. You will be brought to the courtroom to review the exhibit using the courtroom system.

INSTRUCTION NO. 23

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

INSTRUCTION NO. 24

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged.